IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

IVAN A. COPELAND,

    Petitioner,

v.                                                                                      Civil Action No. 1:17cv78
                                                                                      (Judge Keeley)

S. KASSELL, Warden,

    Respondent.

## REPORT AND RECOMMENDATION

### I. Background

On May 15, 2017, Ivan A. Copeland ("Petitioner"), an inmate at FCI Hazelton in Bruceton Mills, West Virginia, filed a *pro se* petition for habeas corpus pursuant to 28 U.S.C. § 2241 challenging the validity of his enhanced sentence imposed in the United States District Court for the Eastern District of Virginia. ECF No. 1. Along with his petition, Copeland filed a motion to exceed the page limits and a Motion under Section 2241 Through 2255(e) Savings Clause. ECF Nos. 2 & 3. Pursuant to a Notice of Deficient Pleading, on May 19, 2017, Petitioner paid the $5.00 filing fee. ECF No. 6. By Order entered on May 22, 2017, the undersigned construed Petitioner's Motion under Section 2241 Through 2255(e) Savings Clause as a memorandum in support of his § 2241 petition and granted the motion to exceed the page limits. ECF No. 8.

That same day, the undersigned made a preliminary review of the petition, determined that summary dismissal was not warranted, and issued an Order to Show Cause to the Respondent. ECF No. 9. On June 2, 2017, the Respondent filed a Motion to Dismiss and Response to Order to Show Cause with a memorandum in support. ECF Nos. 11 & 12. Because

Petitioner was proceeding *pro se*, on June 12, 2017, a Roseboro Notice was issued. ECF No. 13. On June 16, 2017, Petitioner filed his response in opposition. ECF No. 14.

This matter is now pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2.

## II. Facts[1]

On June 11, 2013, in the United States District Court for the Eastern District of Virginia, a Criminal Complaint was filed against Petitioner in Case No. 2:13cr91. ECF No. 1. Petitioner was arrested on June 20, 2013. ECF No. 5. On July 10, 2013, the grand jury returned an Indictment against Petitioner, charging him with three counts of Distribution and Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. § 841(a)(1). ECF No. 12.

On August 21, 2013, pursuant to a written plea agreement containing a waiver of the right to appeal, Petitioner pled guilty to Count Three, Possession with Intent to Distribute 127.1 Grams of Cocaine Base. See ECF Nos. 19 & 21.

On December 2, 2013, over the Government's objection, the court granted Petitioner's motion for a downward departure from the advisory guidelines imprisonment range of 262 – 327 months, and sentenced Petitioner to 239 months' imprisonment as a career offender under § 4B1.1(a) of the United States Sentencing Guidelines ("USSG") and to 8 years of supervised release on Count Three, and dismissed the remaining charges. ECF Nos. 33 & 35.

Petitioner did not file a direct appeal.

---

[1] The facts are taken from the Petitioner's criminal Case No. 2:13cr91 in the United States District Court for the Eastern District of Virginia, available on PACER. Unless otherwise noted, the ECF entries in this section refer to that criminal case. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

On October 20, 2014, Petitioner filed his first Motion to Vacate under 28 U.S.C. § 2255, contending that counsel was ineffective for failing to object to his USSG § 4B1.1 career offender enhanced sentence. ECF No. 39. By Order entered January 6, 2015, the § 2255 motion was denied as meritless. ECF No. 40.

On February 5, 2015, Petitioner moved for reconsideration [ECF No. 42], advancing the same argument he made in his first § 2255 motion: that counsel was ineffective for failing to object to his USSG § 4B1.1 career offender enhanced sentence. Four days later, on February 9, 2015, he filed a notice of appeal of the Order denying his § 2255 motion. ECF No. 44.

By Order entered in the sentencing court on March 30, 2015, the motion for reconsideration was construed as a second or successive Motion to Vacate under § 2255 and denied. ECF No. 51.

On August 24, 2015, by unpublished *per curiam* opinion, the Fourth Circuit Court of Appeals denied Petitioner's motion for a certificate of appealability on the appeal of the denial of the first § 2255 motion and dismissed the appeal. ECF No. 54.

On October 29, 2015, Petitioner filed a notice of appeal of the sentencing court's Order denying his motion to reconsider its decision on his § 2255 motion (construed by the sentencing court as a second or successive § 2255 motion). ECF No. 57. On March 17, 2016, by unpublished *per curiam* opinion, the Fourth Circuit Court of Appeals dismissed the appeal as untimely filed. ECF No. 60. Copeland's petition for rehearing and rehearing *en banc* was denied on June 14, 2016. ECF No. 63.

On June 27, 2016, Petitioner filed a motion pursuant to 28 U.S.C. § 2244 in the Fourth Circuit Court of Appeals, seeking leave to file a second or successive § 2255 motion pursuant to

the Supreme Court's decision in Johnson v. United States,[2] challenging whether his attempted murder conviction was a crime of violence. On June 30, 2016, *pro se*, Petitioner filed what was in effect his third Motion to Vacate under 28 U.S.C. § 2255 in the sentencing court, along with a motion to stay it until the Fourth Circuit decided his pending § 2244 motion, arguing that he was entitled to be resentenced, because his career offender classification was unconstitutional in light of the Supreme Court's ruling in Johnson.

On July 6, 2016, the Fourth Circuit granted the § 2244 motion. ECF No. 67.

Thereafter, on August 12, 2016, Copeland filed an amended *pro se* version of his (third) § 2255 motion. ECF No. 69. On September 12, 2016, through counsel, Petitioner filed a memorandum in support. ECF No. 71. By Order entered March 7, 2017, the Eastern District of Virginia denied the Motion to Vacate, finding that that in Beckles v. United States,[3] the Supreme Court held that the Federal Sentencing Guidelines, including § 4B1.2(a)'s residual clause, are not subject to vagueness challenges, and thus Petitioner's § 2255 motion was without merit. ECF No. 72. Petitioner did not appeal.

### III. Contentions of the Parties

**A. The Petition**

In his pending 2241 petition, the Petitioner argues that under the savings clause of 28 U.S.C. § 2255(e), he is entitled to collaterally attack his career offender enhanced sentence, because his two prior New York state felony convictions can no longer serve as predicate convictions for the same. Thus, he argues that he was improperly sentenced as a career offender

---

[2] Johnson v. United States, 135 S. Ct. 2551 (2015)(holding unconstitutional the residual clause of the Armed Career Criminal Act (ACCA) (18 U.S.C. § 924(e)(1) and its definitions). "Johnson is retroactive in cases on collateral review[.]" Welch v. United States, 136 S. Ct. 1257, 1268 (2016).

[3] Beckles v. United States, 137 S.Ct. 886 (2017).

under USSG 4B1.1, in light of the Supreme Court's decision in Mathis v. United States,[4] and therefore, he is actually innocent of the same. ECF No. 1 at 5 & 9. In his memorandum in support, Petitioner lists the New York convictions that "allegedly qualify . . . [him] as a career offender[:]. . . a fourth degree possession of a controlled substance, under New York State Code, § . . . 220.09 [,] . . . [and] two New York State convictions for attempted criminal sale in the third degree, in violation of New York law § 220.39[,] [and] . . . an attempted second degree murder [conviction] out of New York." ECF No. 3 at 2.  Petitioner also makes an argument under Persaud v. United States[5] that he should be able to proceed under the savings clause, even if his challenge is only to his sentence. ECF No. 3 at 4.

For relief, the Petitioner seeks to have his career offender sentence vacated, and to "be resentenced to the corrected Guidelines sentence." ECF No. 1 at 8.

## B. Respondent's Motion to Dismiss

Respondent argues that the petition should be dismissed because Petitioner's claim challenges the legality of his federal sentence itself as imposed, not the computation of his sentence, and such claims must normally be raised on appeal, or raised by filing a § 2255 motion in the sentencing court. ECF No. 12 at 4 – 5. Respondent further argues that Petitioner's claims are barred because they cannot meet the stringent standard set by the Fourth Circuit in In re Jones.[6] Id. at 5. Finally, Respondent contends that Petitioner's reliance on Mathis is misplaced, because Mathis does not announce a new rule of law and is irrelevant to the determination of whether Petitioner can assert his claims under § 2241, thus, Petitioner cannot meet the second

---

[4] Mathis v. United States, 136 S.Ct. 2243 (2016).

[5] Persaud v. United States, 134 S.Ct. 1023 (2014)(petition for writ of *certiorari* granted and case remanded to the Fourth Circuit for further proceedings).

[6] In re Jones, 226 F.3d 328 (4th Cir. 2000).

prong of In re Jones. Id. at 7. Moreover, Respondent notes, Petitioner's reliance on Persaud is misplaced as well; Persaud was not a substantive decision and does not support Petitioner's claim that he can bring a sentencing challenge in a § 2241 petition; the Fourth Circuit has explicitly held that Persaud does not invalidate Jones; and Jones remains binding Fourth Circuit precedent. Id. at 8.

## C. Petitioner's Response in Opposition

Petitioner reiterates his arguments and attempts to refute the Respondent's on the same; he again relies on Mathis and Surratt, and raises new arguments relying on Alleyne v. United States[7] and Descamps v. United States.[8]

## IV. Standard of Review

### A. Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550

---

[7] Alleyne v. United States, 133 S. Ct. 2151 (2013).

[8] Descamps v. United States, 133 S. Ct. 2276 (2013).

U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46.  In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted).  Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," [id. (citations omitted)], to one that is "plausible on its face," [id. at 570], rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).  Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim.  Id.

As a *pro se* litigant, Petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93 - 94 (2007)(*per curiam*). However, the requirement of liberal construction does not

mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990).

## V. **Analysis**

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. A petition for writ of habeas corpus, pursuant to § 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Examples of an appropriate use of § 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." Anderson v. Pettiford, 2007 WL 15777676 (D.S.C. May 31, 2007) (internal citations omitted).

However, there is a limited exception in which a challenge to the validity of a conviction may be raised in a § 2241 petition under the "savings clause" of § 2255:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for that relief by motion, to the court which sentenced him, or that the court has denied him relief, unless it also appears that the remedy by motion is **inadequate or ineffective to test the legality of his detention**.

28 U.S.C. § 2255(e) (emphasis added).

The Fourth Circuit has set forth the following test to determine whether § 2255 is inadequate and ineffective to test the legality of a conviction:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and** (3) the prisoner cannot satisfy the gate-

>keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

Moreover, the Fourth Circuit has held that the savings clause only preserves claims in which the petitioner alleges actual innocence of a conviction.[9] Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010), and does not extend to petitioners who challenge only their sentences. See United States v. Poole, 531 F.3d 263, 267 n. 7 (4th Cir. 2008) (citing In re Jones, 226 F.3d at 334-34); see also Rouse v. Wilson, 584 Fed. Appx. 76 (4th Cir. 2014) (unpublished) ("The district court properly determined that Rouse could not proceed with his [challenge to his sentencing enhancement] under § 2241."); Farrow v. Revell, 541 Fed. Appx. 327, 328 (4th Cir. 2013) (unpublished) (finding that a challenge to an ACCA sentence was not cognizable in a § 2241 petition); Darden v. Stephens, 426 F. Appx. 173 (4th Cir. 2011) (unpublished) (declining to extend the reach of the savings clause beyond instances of actual innocence of the underlying offense of conviction.)

Here, Petitioner relies on the United States Supreme Court's decision in Mathis (explaining how courts should determine whether a state crime can be used as predicate offense under the ACCA)[10] for relief. However, that decision did not decriminalize the conduct for

---

[9] "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 623 (1998).

[10] More specifically, the Supreme Court outlined the process by which a district court should determine, for the purpose of the Armed Career Criminal Act, if a defendant's prior state-court conviction was one of the enumerated violent felonies listed in 18 U.S.C. § 924(e)(2)(B)(ii). 136 S.Ct. 2247-57. Prior to Mathis, the Supreme Court required a district court to compare the elements of the state crime with the generic version of the enumerated federal offense. If the state crime was "the same as, or narrower than, the relevant generic offense," then the state crime qualified as an enumerated offense. 136 S.Ct. at 2257; see also Taylor v. United States, 495 U.S. 575, 599 (1990). The Supreme Court reaffirmed this approach in Mathis, but added that, because the inquiry focused on the generic offense, a court "may not ask whether the defendant's conduct – his particular means of committing the crime – falls within the generic definition." 136 S.Ct. at 2257. Accordingly, the Supreme Court concluded that if the elements of the state law crime are broader than the generic version of an enumerated federal offense, then the state law conviction could not serve as a predicate for career offender status under the Armed Career Criminal Act. Id.

which Petitioner was convicted and therefore, under Fourth Circuit precedent, he is unable to satisfy the § 2255's savings clause to seek relief under § 2241.

In addition to Mathis, Petitioner also argues that Persaud supports his challenge regarding whether his prior New York state felony convictions for drug crimes and a crime of violence can serve as predicate convictions for his career offender enhancement. ECF No. 3 at 4. In his response to the Respondent's dispositive motion, he further argues that his arguments coincide with the Government's position in United States v. Surratt.[11] Further, in addition to Mathis, Persaud, and Surratt, Petitioner relies on Alleyne v. United States, Descamps, and other cases to support his argument that his career offender status should be vacated.

To the extent that Petitioner relies on the Government's stance in Surratt, the undersigned notes that the original decision in that case held that because Surratt challenged only his sentence and could not establish that he was innocent of the conduct for which he was convicted, he could not obtain relief under § 2241. That decision was "nullified" when rehearing *en banc* was granted December 2, 2015. However, thereafter, the case was dismissed as moot after Surratt's sentence was commuted by Presidential Order. Furthermore, on December 12, 2017, Surratt's petition for writ of *certiorari* was denied. See Case # 14-6851 (4th Cir.). Therefore, nothing in Surratt serves as a basis for granting Petitioner relief.

Likewise, Petitioner's attempt to invoke the holding in Alleyne is misplaced for a number of reasons. In Alleyne, a defendant was convicted by a jury of using or carrying a firearm in relation to a crime of violence under § 924(c)(1)(A). At sentencing, the district judge determined that the defendant had brandished the firearm and sentenced the defendant to a seven-year sentence based upon a mandatory minimum in accordance with the brandishing finding. 133

---

[11] United States v. Surratt, 797 F.3d 3d 240 (2015).

S.Ct. at 2151. The United States Supreme Court held that the brandishing determination by the sentencing judge was improper because any factual issue triggering a statutory mandatory minimum sentence must be submitted to a jury, rather than determined by a judge at sentencing, because "the core crime and the fact triggering the mandatory minimum sentence together constitute a new, aggravated crime, each element of which must be submitted to a jury." Id. at 2162.  This decision extended the Supreme Court's prior holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), in which the Court found that any fact which increases the statutory maximum penalty for a crime as applicable to a specific defendant must be submitted to and decided by a jury. See Simpson v. United States, No. 13-2373 2013 U.S. App. LEXIS 12902 *1 (7th  Cir. July 10, 2013)(noting that Alleyne is an extension of Apprendi).

Here, the substance of Petitioner's argument is that his sentence was improperly enhanced pursuant to U.S.S.G. §4B1.1, based on the sentencing court's determination that he was a career offender.  However, even if Petitioner's sentence were improperly enhanced by the sentencing court's consideration of his predicate convictions, he still fails to establish a claim that would permit this Court to afford him relief under § 2241 based on Alleyne. A number of courts that have considered the question thus far have found that Alleyne, in that it is a mere extension of Apprendi, is not intended to be retroactively applied. See id., United States  v. Reyes, No. 2:11cv6234, 2013 U.S. Dist. LEXIS 112386 *49-*56 (E.D. Pa. August 8, 2013); United States v. Eziolisa, No. 3:10cr39, 2013 U.S. Dist. LEXIS 102150 *3 (S.D. Ohio July 22, 2013); United States v. Standley, No. 09-0022, 2013 U.S. Dist. LEXIS 98943 *7 (N.D. Okla. July 16, 2013); Affolter v. United States, No. 13-14313, 2013 U.S. Dist. LEXIS 104835 *2 (E.D. Mo. July 26, 2013).

Furthermore, Alleyne is clearly distinguishable from Petitioner's case. In Alleyne, the defendant was convicted by a jury. Conversely, here, Petitioner signed a plea agreement and thus waived his right to have sentencing determinations made by a jury. See E.D. Va. Case No. 2:13cr91, ECF Nos. 19 & 21. Moreover, in signing the plea agreement, Petitioner acknowledged that he was aware that he faced a mandatory minimum sentence of ten years and a maximum sentence of life imprisonment. See E.D. Va. Case No. 2:13cr91, ECF No. 21 at 1.   Petitioner's sentence of 239 months, while more than he may have anticipated, clearly falls with the statutory minimum of not less than ten years nor more than life imprisonment.

Finally, Petitioner's Descamps argument is unavailing. In Descamps, the Supreme Court held that when determining whether a prior conviction qualifies as a predicate offense under the Armed Career Criminal Act ("ACCA"), "sentencing courts may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements." 133 S. Ct. at 2282. However, Copeland was sentenced as a career offender under U.S.S.G. § 4B1.1, not as an armed career criminal under the ACCA. Accordingly, Descamps is inapplicable to his claim.

Nonetheless, here, Petitioner nowhere alleges that he is actually innocent of the crime for which he was convicted; rather, he only challenges the sentence imposed by the court. Because Petitioner has not satisfied the requirements of § 2255's savings clause, under Fourth Circuit precedent, Petitioner is unable to seek relief under § 2241.[12] Where, as here, a federal prisoner

---

[12] The undersigned acknowledges that two circuits have held that the savings clause is applicable to challenges to allegedly unlawful sentences. See Hill v. Masters, 836 F.3d 591, 596 (6th Cir. 2016) (concluding that the savings clause permits § 2241 cases challenging fundamental sentencing error, including sentences above a statutory maximum or mandatory guideline range) and Brown v. Caraway, 719 F.3d 583, 588 (7th Cir. 2013) (same). However, the United States Supreme Court has yet to issue a decision that would support the opinions reached by those circuits.  Therefore, this Court should continue to follow Fourth Circuit precedent as outlined above.

brings a § 2241 petition that does not fall within the scope of the savings clause, the district court must dismiss the unauthorized habeas motion for lack of jurisdiction. Rice, 617 F.3d at 807.

## VI. Recommendation

For the foregoing reasons, the undersigned recommends that the Respondent's Motion to Dismiss [ECF No. 11] be **GRANTED** and Petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be **DENIED and DISMISSED without prejudice.**

**Within fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendations**. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to transmit a copy electronically to all counsel of record.

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

DATE: January 11, 2018

/s/ *Michael J. Aloi*
MICHAEL J. ALOI
UNITED STATES MAGISTRATE JUDGE