```
                   IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**IVAN A. COPELAND,**

       **Petitioner,**

**v.**                      **//**      **CIVIL ACTION NO. 1:17CV78**
                                            **(Judge Keeley)**

**S. KASSELL, Warden,**

       **Respondent.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 16] AND
DENYING AND DISMISSING PETITION WITHOUT PREJUDICE [DKT. NO. 1]**

On May 15, 2017, the pro se petitioner, Ivan A. Copeland ("Copeland"), filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition") (Dkt. No. 1). In his Petition, Copeland challenges the application of the career offender enhancement to his case under United States Sentencing Guideline § 4B1.1 (Dkt. No. 1 at 5, 13). Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred Copeland's Petition to the Honorable Michael J. Aloi, United States Magistrate Judge for initial review. The respondent, Warden S. Kassell ("Warden"), moved to dismiss the Petition on June 2, 2017 (Dkt. No. 11).

On January 11, 2018, Magistrate Judge Aloi issued his Report and Recommendation ("R&R"), which recommended that the Court deny and dismiss the Petition without prejudice because Copeland failed to demonstrate that § 2255 is an inadequate or ineffective remedy by which to attack the validity of his sentence (Dkt. No. 16). Specifically, the R&R concluded that Copeland has not established his entitlement to the application of § 2255's savings clause pursuant to the test articulated in In re Jones, 226 F.3d 328 (4th Cir. 2000). Id. at 9, 12-13.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 16] AND DENYING AND DISMISSING PETITION WITHOUT PREJUDICE [DKT. NO. 1]**

In his objection to the R&R, Copeland contends that Magistrate Judge Aloi erred when he determined that, because the Petition does not fall within the scope of the savings clause as applied in In re Jones, the Court must dismiss the Petition for lack of jurisdiction (Dkt. No. 18). Copeland specifically objects to the R&R's reliance on Rice v. Rivera, 617 F.3d 802 (4th Cir. 2010) for this conclusion. He argues that Rice is a "drive-by jurisdictional ruling" without precedential effect, and that the Supreme Court's ruling in Arbaugh v. Y&H Corp., 546 U.S. 500 (2006) requires the Court to reconsider Rice.

In Rice, the Fourth Circuit applied In re Jones to prevent a § 2241 petitioner from challenging the fact of his conviction through the savings clause of § 2255. While the court ultimately remanded the petitioner's case to the district court with instructions to vacate his sentence, it determined that § 2241 was the incorrect procedural vehicle for the challenge because the petitioner did not meet the requirements of In re Jones. Rice, 617 F.3d at 807. Significantly, the Fourth Circuit held that the district court lacked jurisdiction over the habeas motion because Rice was unable to satisfy the rule from In re Jones. Id.

As even Copeland must acknowledge, Rice was decided in 2010, four years after the Supreme Court issued its decision in Arbaugh. Notably, the Fourth Circuit considered Arbaugh when deciding Rice, citing the case in a footnote regarding the jurisdictional nature of

**COPELAND V. KASSELL**  1:17CV78

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 16] AND DENYING AND DISMISSING PETITION WITHOUT PREJUDICE [DKT. NO. 1]**

another rule. Rice, 617 F.3d 802, 810 n.7 (citing Arbaugh, 546 U.S. at 515). In addition, the Fourth Circuit has continued to dismiss cases without prejudice for lack of jurisdiction where the petitioner has failed to show that § 2255 is inadequate or ineffective. See, e.g., Moore v. Stewart, 2018 WL 333138 (4th Cir. Jan. 9, 2018)(citing Rice for the proposition that a district court lacks jurisdiction where a petitioner has failed to satisfy his burden of demonstrating that § 2255 is an inadequate or ineffective means of challenging the validity of his detention); Redd v. Wilson, 703 Fed.Appx. 196 (4th Cir. 2017)(same); Meredith v. Andrews, 700 Fed.Appx. 283 (4th Cir. 2017)(same).

Moreover, even if the Court were to assume that the Fourth Circuit would overrule Rice and conclude that § 2255(e) is not a jurisdictional rule, Copeland still would not be entitled to review on the merits or to relief because, as Magistrate Judge Aloi concluded, Copeland has not established that § 2255 is an inadequate or ineffective remedy. See 28 U.S.C. § 2255(e). In the Fourth Circuit, the savings clause preserves only claims in which the petitioner alleges the he is actually innocent of a conviction. Rice, 617 F.3d at 807. In other words, the savings clause does not extend to petitioners who challenge only their sentences. See United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008)(citing In re Jones, 226 F.3d at 333-34). Thus, even if Copeland could meet the other requirements articulated in In re Jones, he has not alleged that he

3

**COPELAND V. KASSELL**                                              1:17CV78

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 16] AND
DENYING AND DISMISSING PETITION WITHOUT PREJUDICE [DKT. NO. 1]**

is actually innocent of the crime for which he was convicted. Rather, he challenges only the validity of his sentence. He therefore has not met the requirements established in In re Jones and would not be entitled to relief.

Therefore, for the reasons discussed, the Court:

1)   **ADOPTS** the R&R (Dkt. No. 16);

2)   **OVERRULES** Copeland's objection (Dkt. No. 18);

3)   **GRANTS** the Warden's Motion to Dismiss (Dkt. No. 11); and

4)   **DENIES** and **DISMISSES** Copeland's Petition **WITHOUT PREJUDICE** (Dkt. No. 1).

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record and the pro se petitioner, certified mail and return receipt requested, to enter a separate judgment order, and to remove this case from the Court's active docket.

DATED: March 9, 2018.

                                        /s/ Irene M. Keeley
                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE